**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRAND BAYMAN BELIZE, LTD., a Seychelles limited liability company, | No. 21-55146 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-07698-ODW-RAO |
| v. | |
| WELLS FARGO BANK, N.A., Erroneously Sued As Wells Fargo and Company, a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| DOES, 1 through 10, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted January 14, 2022[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  M. SMITH and OWENS, Circuit Judges, and S. MURPHY, III,[***] District Judge.

Grand Bayman Belize, Ltd. ("Grand Bayman") appeals from the district court's grant of summary judgment in favor of Wells Fargo Bank, N.A. ("Wells Fargo"), determining that Wells Fargo was not prohibited from processing a payment order under California Commercial Code ("Cal. Com. Code") section 11207(b) and did not violate sections 11209(c) or 11302(a) when paying the beneficiary.  Because the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment de novo and determine, "[v]iewing the evidence in the light most favorable to the nonmoving party, . . . whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 959 (9th Cir. 2021) (citation omitted).  "A dispute about a material fact is genuine if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (citation omitted).

The district court properly applied Cal. Com. Code section 11207(b) to this

---

[***] The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

case. *See id.* To determine that section 11207(b) governs these facts, we apply California rules of statutory construction to California law and "begin[] with the words themselves, giving them their plain and commonsense meaning." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1071 (9th Cir. 2020) (internal quotation marks and citation omitted). Section 11207(a) prohibits acceptance of wire transfer orders where the "the name, bank account number, or other identification of the beneficiary refers to a nonexistent or unidentifiable person or account," but the prohibition is explicitly "[s]ubject to subdivision (b)" of the same statute. *See also TME Enters., Inc. v. Norwest Corp.*, 22 Cal. Rptr. 3d 146, 153 (Ct. App. 2004) ("Subsection (a) of UCC section 4A-207 [which is identical to Cal. Com. Code section 11207], is expressly subject . . . to subsection (b)."). And section 11207(b) plainly permits beneficiary banks to accept wire transfers where the payment order "identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons"—meaning there is a mismatch between the name and number—so long as the number identifies an account held at the bank, and the bank has no actual knowledge of the mismatch.

The words of the statute show that section 11207(b) applied here because the payment order identified a name and beneficiary account number at Wells Fargo, but the name and number identified different persons, and Wells Fargo had no actual knowledge of the mismatch. Including an address on the payment order did

3

not prohibit Wells Fargo from properly processing the order. *See* Cal. Com. Code § 11207(b). Neither did the alleged "complete disconnect" between the account number, name, and address on the payment order, because Wells Fargo did not have actual knowledge of the disconnect. *See* Cal. Com. Code §§ 11207(b)(1), 1202(b); *see also TME Enters*., 22 Cal. Rptr. 3d at 153; U.C.C. § 4A-207 cmt. 2 ("'Know' is defined . . . to mean actual knowledge.").

Wells Fargo also did not violate Cal. Com. Code section 11209(c) because it is unclear if this section governs this transaction, but even if it does, it prohibits acceptance of a payment order where the beneficiary did not have an account with the receiving bank. *See* Cal. Com. Code § 11209(b)-(c); *see also id.* § 11103(a)(2)-(3) (defining "beneficiary" and "beneficiary's bank"). There is no genuine dispute of material fact that the beneficiary had an account with Wells Fargo, and so section 11209 did not prohibit Wells Fargo from processing the order. That it was not the account Grand Bayman intended to pay is not relevant to whether the beneficiary, identified by account number as permitted by section 11207(b), had a valid account.

Section 11302(a) does not govern this transaction because it applies only when the beneficiary and receiving banks are different banks, but they appear to be the same here. *See* Cal. Com. Code § 11103(a)(3)-(4) (defining "beneficiary's bank" and "receiving bank"); *see also* U.C.C. § 4A-104 cmt.1, Case #2 (clarifying

4

definitions of sender and receiving bank under the U.C.C. parallel to the Cal. Com. Code provision). And Grand Bayman failed to "specifically and distinctly argue[]" otherwise. *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1193 (9th Cir. 2006) (citation omitted).

Moreover, even if Cal. Com. Code section 11302(a) applies to this transaction, Grand Bayman did not present sufficient evidence to raise a genuine dispute of material fact that it directed payment specifically to the San Francisco branch. *See Sw. Fair Hous. Council, Inc.*, 17 F.4th at 959. The account number, beneficiary bank name, and routing number do not specifically identify the San Francisco branch, and the intended beneficiary's address was in Florida, so it is not clear Grand Bayman expected Wells Fargo to pay the San Francisco branch, rather than a branch in Florida.

**AFFIRMED.**